UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVERETT FASON,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 3:13-cv-05997-RBL-KLS

REPORT AND RECOMMENDATION

Noted for October 3, 2014

Plaintiff has brought this matter for judicial review of defendant's denial of his

applications for disability insurance and supplemental security income ("SSI") benefits.  This

matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §

636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Sec'y of H.E.W. v.

Weber, 423 U.S. 261 (1976).  After reviewing the parties' briefs and the remaining record, the

undersigned submits the following Report and Recommendation for the Court's review,

recommending that for the reasons set forth below, defendant's decision to deny benefits should

be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On February 28, 2008, plaintiff protectively filed concurrent applications for disability

insurance benefits and SSI benefits, alleging disability as of April 14, 2004, due to a heart

condition, shoulder impairment, hepatitis C, headaches, knee pain, back pain, foot and leg pain,

hand cramping, Cooley's Trait, depression, psychosis, and anxiety. See Administrative Record

REPORT AND RECOMMENDATION - 1

("AR") 374-81, 426.  Plaintiff's applications were denied upon initial administrative review and on reconsideration.  See AR 207-31, 233-44.  A hearing was held before an administrative law judge ("ALJ") on August 17, 2010, this hearing was continued because plaintiff did not appear.  AR 163-67.  A second hearing was held on December 2, 2010, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert ("VE").  See AR 112-62.

On January 14, 2011, the ALJ issued a decision in which plaintiff was determined to be not disabled.  See AR 173-95.  Plaintiff's request for review of the ALJ decision was granted by the Appeals Council.  AR 196-200.   By order dated April 27, 2012, the Appeals Council vacated the hearing decision, and remanded plaintiff's claim to the ALJ for further administrative proceedings.  AR 196-200.

A third hearing was held on August 28, 2012, at which plaintiff, represented by counsel, again appeared and testified, as did a VE.  See AR 63-111.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 23, 2013, making the ALJ's decision defendant's final decision.  See AR 1-6; see also 20 C.F.R. §§ 404.981, 416.1481. On November 19, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision.  See Dkt. No. 1.  The administrative record was filed with the Court on March 24, 2014.  See Dkt. No. 11.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for further proceedings, because the ALJ erred in evaluating the medical evidence in the record.  For the reasons set forth below, the undersigned disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore recommends that defendant's decision be affirmed.

//

REPORT AND RECOMMENDATION - 2

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by

REPORT AND RECOMMENDATION - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

I.      The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff takes issue with the ALJ's assessment of the medical opinions of various examining and non examining psychologists, arguing the ALJ failed to provide legally sufficient reasons for rejecting these opinions.  Dkt. No. 16, pp. 9-17.  Plaintiff further argues these errors are significant because they "give the appearance of arbitrariness" to the ALJ's findings, and because they impact the ALJ's findings regarding the materiality of substance use to plaintiff's disability.  This Court disagrees.

The ALJ is responsible for determining credibility, and resolving ambiguities and conflicts in the medical evidence.  See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).  Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ.  Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).  Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility."  Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons."  Reddick, 157 F.3d at 725.  The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings."  Id.  The ALJ also may draw inferences

---

substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

"logically flowing from the evidence." <u>Sample</u>, 694 F.2d at 642.  Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Id.</u> at 830-31.

As an initial matter, plaintiff does not take a clear position as to the appropriate legal standard for assessing the medical opinion evidence of the various examining psychologists. <u>See</u> Dkt. 16, p. 6.  Defendant argues that the specific and legitimate standard applies, and, in support of this argument, points to contradictory medical opinions offered by other acceptable medical sources including examining psychologist Marc Redmon, PsyD.  Dkt. No. 22, pp. 5-6; <u>see</u> Tr. 836-37.  This Court also notes that the medical opinion of examining psychologist Michael Copolongo, PhD, contradicts the conclusion that plaintiff would have any marked functional limitations absent drug and alcohol use.  <u>See</u> Tr. 571.  For these reasons, this Court finds the specific and legitimate standard applies to the ALJ's assessment of the medical opinions of the examining psychologists in the record.  <u>See Lester</u>, 81 F.3d at 830-31.

**A. Non-examining state agency psychological consultants John F. Robinson, PhD, and Bruce Eather, PhD**

Plaintiff argues the ALJ erred by giving too much weight to the medical opinions of the non-examining state agency psychological consultants John F. Robinson, PhD, and Bruce Eather, PhD.  <u>See</u> AR 791-808, 895.  Generally, an examining physician's opinion is "entitled to

REPORT AND RECOMMENDATION - 5

1    greater weight than the opinion of a nonexamining physician." <u>Lester</u>, 81 F.3d at 830-31.

2    However, a non-examining physician's opinion may constitute substantial evidence if "it is

3    consistent with other independent evidence in the record." <u>Id.</u> at 830-31; <u>Tonapetyan v. Halter</u>,

4    242 F.3d 1144, 1149 (9th Cir. 2001).

5         Here, the opinions of non examining psychologists Drs. Robinson and Eather are

6    consistent with other independent evidence in the record, including the medical opinions and

7    findings of examining psychologists Marc Redmon, PsyD, and Michael Copolongo, PhD, who,

8    like Drs. Robinson and Eather, concluded plaintiff, absent drug and alcohol use, had no more

9    than moderate limitations in various work related activities, and was capable of performing

10   simple repetitive tasks.  <u>Compare</u> AR 569-575 (assessing mild limitations in the ability to

11   understand, remember and follow simple instructions and learn new tasks, and no limitation in

12   ability to interact appropriately with public contacts), 824-38 (assessing no more than moderate

13   functional limitations, and no significant limitations in the ability to understand, remember, and

14   carry out very short and simple instructions, interact appropriately with the general public, and

15   respond appropriately to changes in a work setting), <u>with</u> AR 791-94 (finding no more than

16   moderate limitations in a variety of work related activities).

17        Moreover, the consistency of Drs. Robinson and Eather's opinions with Dr. Redmon's

18   opinion is particularly significant because Dr. Redmon completed the most comprehensive

19   psychological evaluation of plaintiff in the record including a records review, clinical interview,

20   mental status examination, and extensive psychological testing.  <u>See</u> AR 824 (psychological

21   testing included: Personality Assessment Inventory, Trail Making Test, Wide Range

22   Achievement Test 4, Test of Memory Malingering, and Wechsler Memory Scale).

REPORT AND RECOMMENDATION - 6

For these reasons, the ALJ's assessment of the medical opinions of Drs. Robinson and Eather is supported by substantial evidence.  See Richardson, 402 U.S. 389, 401 (1971) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted).  As such, this Court recommends the ALJ's assessment of the medical opinions of state agency psychological consultants Drs. Robinson and Eather be affirmed.

**B.   Examining psychologist David M. Dixon, PhD**

Plaintiff next argues the ALJ erred by rejecting the medical opinions of examining psychologist David M. Dixon, PhD, that plaintiff would have mild difficulty learning new tasks, poor ability to sustain concentration and persistence with moderate confusion, very good ability to interact socially, and that plaintiff would adapt fairly well to new environmental conditions. See AR 756.  Dr. Dixon assigned plaintiff a global assessment of functioning ("GAF") score of 50, which represents  "'[s]erious symptoms . . . [or] serious impairment in social, occupational, or school functioning,' such as an inability to keep a job." Pisciotta v. Astrue, 500 F.3d 1074, 1076 n.1 (10th Cir. 2007) (quoting Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) ("DSM-IV-TR") at 34)); see also England v. Astrue, 490 F.3d 1017, 1023, n.8 (8th Cir. 2007) (GAF score of 50 reflects serious limitations in individual's general ability to perform basic tasks of daily life).

The ALJ rejected Dr. Dixons opinions because aspects of these opinions are internally inconsistent.  See AR 40.  Discrepancies between a medical source's functional assessment and that source's clinical notes, recorded observations and other comments regarding a claimants capabilities "is a clear and convincing reason for not relying" on the assessment.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); see also Weetman v. Sullivan, 877 F.2d 20, 23

1    (9th Cir. 1989). Specifically, the ALJ observed the GAF score of 50 assessed by Dr. Dixon,

2    which represents serious symptoms or serious impairment in functioning, is inconsistent with

3    Dr. Dixon's findings that plaintiff generally demonstrated the ability to understand, had very

4    good ability to interact socially, was "mild and easy going," and would adapt fairly well to new

5    conditions. AR 40.

6         Plaintiff argues the ALJ's rejection of this evidence is legally insufficient because it

7    ignores probative aspects of Dr. Dixon's opinion that do not contradict the GAF score assessed

8    by Dr. Dixon. Specifically, plaintiff notes that Dr. Dixon observed some latency in plaintiff's

9    responses to all questions posed (AR 754), and that the mental status examination ("MSE")

10    conducted by Dr. Dixon revealed deficiencies in plaintiff's ability to concentrate. See AR 754

11    (noting plaintiff demonstrated difficulty with Serial 7's and Serial 3's, which test concentration

12    and calculation, and that plaintiff was slow and belabored in his approach to this testing).

13    Plaintiff argues these findings are consistent with Dr. Dixon's assessment that plaintiff has

14    serious symptoms or serious impairment in social, occupational or school functioning.

15         In contrast, defendant argues the ALJ's finding that the low GAF score assessed by Dr.

16    Dixon was inconsistent with Dr. Dixon's opinion that plaintiff was able to understand, interact

17    socially and adapt in a work environment was reasonable. This Court agrees. Although plaintiff

18    argues for a different interpretation of this evidence, "[if] the evidence admits of more than one

19    rational interpretation," the Commissioner's decision must be upheld. Allen, 749 F.2d 577, 579

20    (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we

21    must affirm the decision actually made.") (quoting Rhinehart, 438 F.2d at 921).

22         Moreover, even if the reason offered by the ALJ to reject Dr. Dixon's opinions was

23    legally insufficient, plaintiff fails to demonstrate this error is consequential to the ALJ's ultimate

REPORT AND RECOMMENDATION - 8

nondisability finding.  See Stout v. Comm'r of the Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision.").

In relevant part, Dr. Dixon opined plaintiff had mild difficulty learning new tasks and that plaintiff's "ability to sustain concentration and persistence is poor with some moderate confusion."  AR 756.  As plaintiff points out, Dr. Dixon noted plaintiff demonstrated difficulty with aspects of the MSE that involved mathematical calculations, spelling, and comprehension. See AR 754.  Based on this testing, Dr. Dixon estimated plaintiff's intellectual functioning to be in the low average to borderline range.  AR 754.  These difficulties, in addition to latencies in plaintiff's speech, appear to be the basis for Dr. Dixon's conclusion that plaintiff's ability to sustain concentration and persistence is poor.  See AR 754.

When viewed with this evidence in mind, the ALJ's residual functional capacity (RFC") finding that plaintiff, absent drugs and alcohol, "has sufficient concentration to understand, remember, and carry out simple, repetitive tasks consistent with unskilled work with SVP up to 2" reasonably accommodates Dr. Dixon's opinion that plaintiff had mild difficulty learning and poor ability to concentrate and persist due to moderate confusion.  AR 31, 456.

Although the ALJ rejected this opinion evidence, the RFC finding reasonably accounts for the limitations in understanding and concentration opined by Dr. Dixon, making any error in the ALJ's rejection of this evidence harmless and irrelevant to the ultimate non disability

REPORT AND RECOMMENDATION - 9

determination in this case. [2]  For these reasons, this Court recommends the ALJ's assessment of Dr. Dixon's medical opinion be affirmed.

### C.  Examining psychologist Marc Redmon, PsyD

Plaintiff next argues the ALJ erred by ignoring the conclusion of examining psychologist Marc Redmon, PsyD, that "[h]opefully, with a combination of psychiatric medication management and individual psychotherapy, [plaintiff] could achieve some reductions in the intensity and frequency of his depressive symptoms.  This, in combination with maintaining abstinence from drugs and alcohol, could allow him to return to work at some future date."  AR 833.  Dr. Redmon further noted, "[i]n absence of such treatment, however, [plaintiff] is likely to continue to experience difficulties in maintaining employment."  AR 833.  Plaintiff argues this opinion is significant because it indicates that abstinence from drugs and alcohol alone would not restore plaintiff's ability to work, thereby undermining the ALJ's conclusion that drug and alcohol use were material to a finding of disability in plaintiff's claim.  This conclusion, however, is not supported by the vocational evidence of record, which indicates an individual with the functional limitations assessed by Dr. Redmon would be able to perform work that exists in the national economy.  See  AR 43-44, 107-108.

The ALJ gave great weight to the specific functional limitations assessed by Dr. Redmon. AR 40-41; see also AR 835-38 (assessing no more than moderate limitations in the ability to perform work related activities).  In doing so, the ALJ also acknowledged Dr. Redmon's ultimate conclusion that plaintiff might be able to return to gainful employment with a combination of psychotherapy and drug and alcohol abstinence.  AR 40.  Although Dr. Redmon is well qualified

---

[2] This also is consistent with the opinion state agency psychological consultant Dr. Robinson, which the ALJ credited.  See AR42.  Dr. Robinson specifically acknowledged and accommodated Dr. Dixon's observations that plaintiff's "concentration and calculations were slow at MSE" in formulating his ultimate opinion that plaintiff was capable of performing simple, repetitive tasks.  See AR 793.

REPORT AND RECOMMENDATION - 10

to provide a medical opinion regarding the impact of plaintiff's mental impairments on plaintiff's

capacity to perform work related activities, Dr. Redmon is not also qualified to provide an

opinion regarding the impact of those limitations on plaintiff's ability to obtain and sustain work.

Rather, an opinion regarding the impact of particular functional limitations on an individual's

ability to perform work that exists in the national economy is the province of the vocational

expert.  See 20 C.F.R. §§ 404.1566(e), 416.966(e).

Moreover, "the ultimate determination" as to whether a claimant is disabled is reserved to

defendant, and thus "[a] statement by a medical source that [the claimant is] 'disabled' or 'unable

to work' does not mean" that he or she will be found to be disabled. 20 C.F.R. §§

404.1512(b)(7), 404.1527(e)(1), 416.912(b)(7), 416.927(e)(1); see also Weetman, 877 F.2d at 22

(ALJ not bound by medical opinions on ultimate issue of disability).  To the extent that Dr.

Redmon opined that plaintiff's moderate limitations in various work related activities would

preclude plaintiff from performing all work, the ALJ was not required to accept this conclusion.

Id.  For these reasons, this Court recommends the ALJ's assessment of Dr. Redmon's medical

opinion be affirmed.

### D.  Examining psychologist Daniel M. Neims, PsyD

Plaintiff also takes issue with the ALJ's assessment of the three medical opinions offered

by examining psychologist Daniel M. Neims, PsyD.  Specifically, plaintiff argues that the ALJ's

approach to Dr. Neims' assessments makes the ALJ's findings appear arbitrary.  In support of

this argument, plaintiff points out that the ALJ rejected portions of Dr. Neims' 2005 and 2011

medical opinions that were consistent with the ALJ's residual functional capacity findings and

ultimate nondisability determination. See AR 39 (rejecting Dr. Neims' 2005 opinion that

plaintiff's polysubstance abuse caused marked limitations in cognitive functioning (citing AR

REPORT AND RECOMMENDATION - 11

642)), 42 (rejecting Dr. Neims' 2011 opinion that plaintiff had marked limitations in the ability to communicate and perform affectively in a work setting with public contact (citing AR 986)).

However, the 2005 and 2011 limitations rejected by the ALJ are consistent with the ALJ's finding of non disability in this case.  For this reason, any error in the ALJ's assessment of this evidence is harmless.  See Stout, 454 F.3d at 1055 (error harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion).

Plaintiff further argues the ALJ failed to provide legally sufficient reasons for rejecting Dr. Neims' 2010 opinion that plaintiff would have marked limitation in his ability to tolerate the pressures and expectations of a normal work setting.  See AR 41, 961.  The ALJ provided three reasons for rejecting Dr. Neims' 2010 opinion:  (1) there was no evidence in the evaluation to justify a marked limitation in this area; (2) the marked limitation was internally inconsistent with the GAF score assessed by Dr. Neims; and (3) Dr. Neims' opinion was based, in part, on the erroneous assumption that plaintiff's alcohol abuse was in long term remission.  See AR 41.  In doing so, the ALJ offered at least one specific and legitimate reason supported by substantial evidence sufficient to reject the opinion of examining psychologist Dr. Neims. See Lester, 81 F.3d at 830-31.

The ALJ rejected Dr. Neims' opinion regarding plaintiff's limitations tolerating pressures and expectations in a work setting, because it was based, at least in part, on inaccurate information regarding plaintiff's ongoing alcohol use.  See AR 41.  At the time of the 2010 evaluation, plaintiff reported to Dr. Neims that his alcohol dependence was in long term remission.  See AR 960.  In contrast, plaintiff testified at the August 2012 hearing that he last drank alcohol three months prior to the hearing. See AR 88-89; see also AR 36 (citing AR 1020 (reporting in September 2011 that he continued to use alcohol on and off), 1023 (reporting in

REPORT AND RECOMMENDATION - 12

October 2011 that he drank four to five 12-ounce beers and two to three shots of whisky daily),

1040 (reporting in June 2012 that he consumed beer weekly)).  Hence, the ALJ's conclusion that

Dr. Neims' 2010 opinion was not reliable because it was based on inaccurate information

regarding plaintiff's alcohol use was reasonable.  This is especially true in context of Dr. Neims'

2005 opinion, which attributed all plaintiff's mental limitations to substance use.  See 640-42.

Additionally, as the noted by the ALJ, Dr. Neims offered no specific explanation for his

finding that plaintiff would have marked limitations tolerating pressures and expectations in a

work setting.  See AR 961.  Instead, Dr. Neims merely wrote "please see attached addendum."

AR 961.  An ALJ need not accept the opinion of an examining psychologist, "if that opinion is

brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole."

Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Thomas v.

Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan, 242 F.3d at 1149.

Plaintiff points to Dr. Neims' note in the addendum that plaintiff reported having a low

frustration tolerance and had to work to control his irritability and avoid confrontations as

support for Dr. Neims' conclusion that plaintiff would have a marked limitation in that ability to

tolerate the pressures and expectations of a work environment.  See Tr. 964.  However, in the

same paragraph Dr. Neims also noted plaintiff denied having an issue with anger.  See Tr. 964.

In this context, it is reasonable for the ALJ to conclude that plaintiff's comments regarding

controlling irritability and avoiding confrontation did not support a marked limitation in handling

pressures and expectations in a work setting. See Batson, 359 F.3d at 1195.  For these reasons,

the ALJ offered specific and legitimate reasons supported by substantial evidence sufficient to

reject the opinion of Dr. Neims.  As such, this Court recommends the ALJ's assessment of Dr.

Neims' opinions be affirmed.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ properly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as well that the Court affirm defendant's decision pursuant to sentence four of 42 U.S.C. § 405(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **October 3, 2014**, as noted in the caption.

DATED this 8th day of September, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14